[5 NYS3d 671]

Bryan L. Salamone, P.C., Appellant, v Giacomino Digiacomo, Respondent.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, January 15, 2015

APPEARANCES OF COUNSEL

*Smith Carroad Levy & Wan, P.C.*, Commack (*Timothy Wan* of counsel), for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is reversed, without costs, and the matter is remitted to the District Court for a determination of plaintiff's motion for summary judgment on the merits.

Plaintiff commenced this action in July of 2012 to recover the sum of $3,912.35, representing attorney's fees owed pursuant to a written retainer agreement. After issue was joined, the matter was transferred to the arbitration calendar (*see* Rules of Chief Judge [22 NYCRR] § 28.2 [b]) in September of 2012. (The record is silent as to whether the matter was ever arbitrated.) In June of 2013, plaintiff moved for summary judgment. By order dated July 1, 2013, the District Court denied plaintiff's motion as untimely, on the ground that the motion had been made more than 240 days after the matter had been "transferred to the arbitration."

The District Court erred in finding that plaintiff's time to make the motion for summary judgment commenced upon the matter being "transferred to the arbitration calendar," since there is no such provision which governs the timeliness of a motion for summary judgment (*see* CPLR 3212 [a]; UDCA 1001, 1301; *see also* Uniform Civ Rules for Dist Cts [22 NYCRR] § 212.10). Inasmuch as no notice of trial, the District Court equivalent of a note of issue (*see Chimbay v Palma*, 14 Misc 3d 130[A], 2007 NY Slip Op 50019[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), or certificate of readiness for trial had been filed (*see e.g. Vinueza v Tarar*, 100 AD3d 742 [2012]; *Farrington v Heidkamp*, 26 AD3d 459 [2006]; *cf. Arbay v Sunoco, Inc.*, 31 Misc 3d 148[A], 2011 NY Slip Op 50977[U] [App Term,

2d Dept, 9th & 10th Jud Dists 2011]), and there is no indication that the court clerk had fixed a date for trial (*see* UDCA 1301), plaintiff's time to make its motion for summary judgment had not commenced. As the District Court did not reach the merits of plaintiff's motion for summary judgment, the matter is remitted to the District Court for a determination with respect thereto.

Accordingly, the order is reversed and the matter is remitted to the District Court for a determination of plaintiff's motion for summary judgment on the merits.

MARANO, J.P., TOLBERT and GARGUILO, JJ., concur.